**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Guy Laddie COCKRELL, Defendant–Appellant.**

**No. 02–31199.**

United States Court of Appeals, Fifth Circuit.

Aug. 19, 2003.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Guy Laddie Cockrell challenges his conviction and the sentence he received after he pleaded guilty to possession of crack cocaine with intent to distribute and to carrying a firearm during and in relation to a drug-trafficking crime. Cockrell argues, for the first time on appeal, that the district court erred when it did not hold a hearing on his lawyer's motion to withdraw. Because Cockrell did not argue in the district court that he was entitled to a hearing, this issue is reviewed for plain error. *United States v. Iwegbu,* 6 F.3d 272, 274–75 (5th Cir.1993). In light of Cockrell's statement to the court that he was satisfied with counsel's representation,

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court did not err by not conducting a hearing.

Cockrell also argues for the first time on appeal that the Government was required to file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1. The Government's failure to file a U.S.S.G. § 5K1.1 motion was not plain error because, under the terms of the plea agreement, the Government agreed merely to advise the court of Cockrell's assistance. *Wade v. United States,* 504 U.S. 191, 184, 112 S.Ct. 1846, 119 L.Ed.2d 5 (1992); *United States v. Garcia–Bonilla,* 11 F.3d 45, 46 (5th Cir. 1993). The record reflects that the Government told the court about Cockrell's cooperation.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.